The Honorable W.F. "Bill" Foster State Representative Post Office Drawer 220 England, AR 72046
Dear Representative Foster:
This is in response to your opinion wherein you posed the following question:
 1. The Cabot School District elects seven members at-large to serve as the district's board of directors. The composition of the board, with regard to minority representatives is not an issue. What legal rights do patrons in the district have to demand that school board members be elected by zone, rather than the present at-large method of election?
Dispositive of your inquiry is A.C.A. 6-13-615, which provides as follows:
 (a)(1) Qualified electors of a school district may, by petition, have placed on the ballot of any annual school election the issue to determine whether to elect the school district board of directors from single-member zones.
 (2) The petitions calling for such an issue to be placed on the ballot shall be signed by not less than ten percent (10%) of the qualified electors of the district, based upon the total number of registered voters in the district.
 (3) The petitions may be circulated between ninety (90) days and forty-five (45) days prior to the election date.
 (4) The petitions shall be filed with the county election commission of the county in which the largest portion of the school district lies.
 (b)(1) Within ten (10) days of the receipt and verification of the sufficiency of the petitions, the county election commission shall notify the board of directors of the affected school district that the issue shall be placed on the ballot of the next school election.
 (2) The county election commission shall specify the wording of the ballot to be used to determine whether to elect the school district board of directors from single-member zones.
 (c) If a majority of the qualified electors of the school district shall vote for the election of the school district board of directors from single-member districts, the county election commission of the county in which the largest portion of the school district lies shall establish, within the school district, boundaries for the election of directors of the school board which shall have substantially equal population based on the most recent available census information, and, from which, racial minorities may be represented on the board in proportions reflected in the district population as a whole. A.C.A. 6-13-615
The above statutory provisions represent the procedures provided under Arkansas law for patrons wanting to change the election of school board members from an at-large method to zones. This statute, Act 872 of 1989, is the latest statement by the Arkansas Legislature on the issue of zone elections and directly addresses the question you have posed.
Alternatively, A.C.A. 6-13-630(a) provides for a procedure whereby the board of directors of the school district could by resolution change the method of election from at-large to zones, or a combination thereof, to-wit:
 (a) The board of directors of any school district shall have the authority to provide by resolution adopted by a majority vote that a portion of the board members shall be elected by zone, at large, or a combination thereof. A candidate for a position to be elected by zones shall reside in the zone. The names of the candidates for at-large board positions shall appear upon the ballots throughout the district. A.C.A. 6-13-630(a)
This statute provides that patrons of a school district could obviously attempt to persuade board members to independently switch from an at-large method of election to zones without the petition and election required by A.C.A. 6-13-615.
While your question eliminates minority representation as an issue in the fact situation you have posed, this office would note that remedies do exist under the Voting Rights Act of 1965 and the Equal Protection Clause of the United States Constitution for minorities whose voting strength is unconstitutionally diluted by the at-large method of election. These causes of action, however, would only be available to minority representatives and not patrons of the district who are in the racial majority.
The foregoing opinion, which I hereby approve, was prepared by First Assistant Attorney General C. Randy McNair.